IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RODOLFO ZARAGOZA-LOPEZ, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE Civil Case No. 2:12-CV-470 TS Criminal Case No. 2:11-CR-125 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Petitioner Rodolfo Zaragoza-Lopez was named in a two-count Indictment on February 16, 2011, charging him with possession of methamphetamine with intent to distribute and aiding and abetting. Petitioner pleaded guilty to Count I, possession with intent to distribute, on June

1

14, 2011. As will be discussed below, in his plea agreement, Petitioner waived his right to bring certain collateral challenges, including his right to bring a motion under 28 U.S.C. § 2255.

Prior to sentencing, Petitioner's counsel challenged a portion of the Presentence Report that attributed 374.8 grams of methamphetamine found in an apartment to Petitioner and added that amount to determine the total methamphetamine for which Petitioner was responsible. At sentencing, the Court overruled Petitioner's objection and found that the 374.8 grams of methamphetamine were properly attributable to Petitioner. The Court based this decision on the fact that Petitioner had access to the apartment where the 374.8 grams of methamphetamine were found and that the drugs and packaging materials found in Petitioner's possession were similar to those found in the apartment. Based on this finding, the Court sentenced Petitioner to 135 months in the custody of the Bureau of Prisons.

Judgment was entered on September 29, 2011. Petitioner, through counsel, filed an appeal on October 10, 2011. Petitioner then sought to dismiss his appeal, which request was granted on April 24, 2012.

Petitioner timely filed this § 2255 Motion on May 11, 2012. In his § 2255 Motion, Petitioner raises a single claim of ineffective assistance of counsel. Petitioner alleges that his counsel was ineffective for failing to investigate fingerprints and conduct a lab analysis of the methamphetamine. Petitioner contends that had his counsel done so, the Court would not have attributed the additional 374.8 grams of methamphetamine to him and he would have received a lesser sentence.

## II. DISCUSSION

Petitioner's Statement in Advance of Plea of Guilty contains the following provision:

> I . . . knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.[1]

This provision was explained to Petitioner during his change of plea hearing and he indicated that he understood.[2]

The Tenth Circuit has held that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[3] In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[4]

---

[1] Criminal Case No. 2:11-CR-125 TS, Docket No. 41, ¶ 12(A)(2)(b).

[2] Criminal Case No. 2:11-CR-125 TS, Docket No. 78, at 11.

[3] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[4] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

1. *Scope of the Waiver*

As set forth above, Petitioner brings a single claim for ineffective assistance of counsel. Petitioner alleges that his counsel was ineffective for failing to obtain fingerprints and conduct analysis of the methamphetamine found at the apartment. This claim clearly falls within the scope of the broad waiver set forth above, which precludes Petitioner from filing "any collateral review motion" including a § 2255 motion.

The Tenth Circuit has held "that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[5] Petitioner does not make any ineffective assistance claims relating to the validity of his plea or his collateral appeal waiver. Rather, Petitioner's ineffective assistance claim focuses on counsel's actions at the time of sentencing. Therefore, the Court finds Petitioner's ineffective assistance claims fall within the scope of the waiver and the exception set out in *Cockerham* is not applicable.

2. *Knowing and Voluntary*

The Court will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[6] In determining whether an appeal waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant

---

[5] *Cockerham*, 237 F.3d at 1187.

[6] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

entered the agreement knowingly and voluntarily,"[7] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[8]

In this case, the language of the Statement in Advance of Plea of Guilty indicates that Petitioner entered into the agreement knowingly and voluntarily. Further, the Court has reviewed the transcript of the change of plea hearing and finds that it complies with the requirements of Rule 11. Therefore, the Court finds that the collateral appeal waiver was entered into knowingly and voluntarily.

3.  *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[9]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[10]

Petitioner bears the burden of establishing a miscarriage of justice.[11] In this case, Petitioner has presented no evidence that any of the circumstances set forth above exist.

---

[7] *Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[8] *Id*. (internal citations omitted).

[9] *Id*. at 1327 (internal citations omitted).

[10] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[11] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Therefore, the Court finds that enforcement of the waiver will not result in a miscarriage of justice.

Based on the above, the Court finds Petitioner's ineffective assistance claim falls within the scope of the collateral appeal waiver, that the waiver was knowing and voluntary, and that enforcing the waiver will not result in a miscarriage of justice. Therefore, the Court will enforce Petitioner's waiver and deny this Motion.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:12-CV-470 TS) is DENIED for the reasons set forth above. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:12-CV-470 TS forthwith.

DATED   May 16, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge